IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

JUAN CARLOS DIAZ-RODRIGUEZ,
Defendant.

CRIMINAL NO. 19-386 (PAD)

**PLEA AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:



COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: W. Stephen Muldrow, United States Attorney, Myriam Fernandez-Gonzalez, Assistant United States Attorney and Chief, Criminal Division, and Marie Christine Amy, Assistant United States Attorney, along with the defendant, Juan Carlos Diaz-Rodriguez, and his counsel, Jason Gonzalez Delgado, Esq., and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Count Two of the Indictment, a violation of 18 U.S.C. § 1001.

**Count ~~One~~: Two**

On or about the June 5, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **JUAN CARLOS DIAZ-RODRIGUEZ,** did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the

jurisdiction of the executive branch of the Government of the United States, by telling Special Agents of the Federal Bureau of Investigations (FBI) during a voluntary interview that he, Juan Carlos Diaz-Rodriguez, did not take a photograph of a Federal grand jury subpoena regarding bank records belonging to Individual B (hereinafter "Grand Jury Subpoena") and that he, Juan Carlos Diaz-Rodriguez, did not send a photograph of the Grand Jury Subpoena to anyone. The statement and representation was false because defendant, Juan Carlos Diaz-Rodriguez, did take a photograph of the Grand Jury Subpoena and that he, Juan Carlos Diaz-Rodriguez, did send a message to Individual A containing a photograph of the Grand Jury Subpoena. In violation of 18 U.S.C. § 1001(a)(2).

2. **STATUTORY MAXIMUM PENALTIES**

The maximum penalty for the offense charged in Count Two of the Indictment is: a term of imprisonment of not more than 5 years; a fine of not more than $250,000; a supervised release term of not more than three (3) years; and a Special Monetary Assessment of one hundred dollars ($100.00).

3. **SENTENCING GUIDELINES APPLICABILITY**

The defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, the defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

5. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, the defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. The defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant is pleading guilty. The defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

The defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration

of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and the defendant submit the following advisory Guideline calculations:

| Sentencing Guidelines Calculations Table As to Count ~~One~~ TWO (2) ||||||||||
|---|---|---|---|---|---|---|---|---|---|
| Base Offense Level | U.S.S.G. § 2B1.1 (a)(2) ||||||||6 |
| Enhancement | U.S.S.G. § 2B1.1(b)(18) ||||||||2 |
| Acceptance | Acceptance of Responsibility, U.S.S.G. § 3E1.1 ||||||||-2 |
| Sentencing Ranges Count ~~One~~ TWO | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level Count ~~One~~ TWO | 6 |
| | 06 | 000-006 | 001-007 | 002-008 | 006-012 | 009-015 | 012-018 | | |

### 8. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do **not** stipulate as to any Criminal History Category for Defendant.

### 9. SENTENCE RECOMMENDATION

After consideration of all factors in 18 U.S.C. § 3553(a), as to Count Two, the parties agree to recommend a sentence of two (2) years on probation at a total adjusted offense level of 6, regardless of the defendant's criminal history category. Defendant agrees that the sentencing recommendation set forth herein is reasonable pursuant to Title 18, United States Code, Section 3553(a).

### 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 6 months of imprisonment or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

Plea Agreement–*United States v. Juan Carlos Diaz-Rodriguez,* Crim No. 19-386 (PAD)    Page **4** of **11**

11. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court that he is satisfied with counsel, Jason Gonzalez Delgado, and asserts that counsel has rendered effective legal assistance.

13. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

The defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:



a. If the defendant had persisted in a plea of not guilty to the charges, he would have had the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if the defendant, the United States and the judge agreed.

b. If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification were shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed

innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt, and that it would have to consider each charge separately.

c. If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and the defendant's attorney would be able to cross-examine them. In addition, prior to trial the defendant would be entitled to discovery of material, impeachment information concerning government witnesses, and defendant would be entitled to use this information during cross-examination. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Defendant desired to do so, he could testify on his own behalf.

14. **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Stipulation of Facts and agrees that the facts therein are

accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

### 15. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal, district, state, or local authorities.

### 16. ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations, except as set forth in writing in this Plea Agreement, and denies the existence of any other term and conditions not stated herein.

### 17. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 18. DISMISSAL OF REMAINING COUNTS

All remaining counts of the Indictment will be dismissed at sentencing.

## 19. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

W. STEPHEN MULDROW
United States Attorney

_____
Myriam Fernández-González
Assistant U.S. Attorney, Chief
Criminal Division
Dated: 11.22.19

_____
Marie Christine Amy
Assistant U.S. Attorney
Financial Fraud and Corruption Unit
Dated: Nov. 22, 2019

_____
Jason González Delgado, Esq.
Counsel for Defendant
Dated: December 10, 2019

_____
Juan Carlos Díaz-Rodriguez
Defendant
Dated: December 10, 2019

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My attorney has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this Plea Agreement and voluntarily agree to it.

Date: December 10, 2019

_____
Juan Carlos Diaz-Rodriguez
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. I have translated the Plea Agreement and explained it in the Spanish language to the defendant who has expressed no doubts as to the contents of the Plea Agreement. To my knowledge, the defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of a plea of guilty.

Date: December 10, 2019

_____
Jason Gonzalez Delgado, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and the defendant, Juan Carlos Diaz-Rodriguez, agree that the following is a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violating Title 18, United States Code, Section 1001.

On June 5, 2019, Special Agents from the Federal Bureau of Investigations (FBI) interviewed the defendant Juan Carlos Diaz-Rodriguez, an employee at the Banco Popular in Puerto Rico, in relation to a criminal investigation as to the illegal disclosure of a Grand Jury subpoena (hereinafter "Grand Jury Subpoena") issued on September 18, 2018 for the production of financial records about Individual B. The Grand Jury Subpoena was served on Banco Popular on September 20, 2018. The grand jury subpoena contained express language warning the financial institution that the disclosure of the existence of the Grand Jury Subpoena, or the information provided pursuant to the Grand Jury Subpoena to any person named in the Grand Jury Subpoena, directly or indirectly, was prohibited by law pursuant to 12 U.S.C. § 3420 and subject to the imposition of criminal penalties.

On April 4, 2019, a photo of the before mentioned Grand Jury Subpoena was published nationwide through the social media platform Twitter and in local television programs by members of the press with the name, Social Security number and date of birth of Individual B. The published Grand Jury Subpoena showed markings that indicated it was the copy received and processed in the Legal Requirements Department in Banco Popular.

Pursuant to this Plea Agreement, the defendant acknowledges and accepts that, on June 5, 2019, he was interviewed by FBI special agents as one of the employees working in the Legal Requirements Department in Banco Popular. The defendant told the FBI agents that he did not take any photographs of the Grand Jury Subpoena and that he did not send a photograph of the Grand Jury

Subpoena to anyone. The defendant, Juan Carlos Diaz-Rodriguez, willfully and knowingly made a materially false statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States because he did take a photograph of the Grand Jury Subpoena and send a text message to Individual A containing the photograph of the Grand Jury Subpoena containing the personal information of Individual B.

Had this matter proceeded to trial, the United States would have presented the testimony of law enforcement agents, as well as physical and documentary evidence, to prove beyond a reasonable doubt that Juan Carlos Diaz-Rodriguez is guilty of violating Title 18, United States Code, Section 1001.

Discovery was made available to Defendant in a timely manner for review.

_____  
**Marie Christine Amy**  
Assistant United States Attorney  
Dated: November 18, 2019

_____  
**Jason Gonzalez Delgado, Esq.**  
Counsel for Defendant  
Dated: December 10, 2019

_____  
**Juan Carlos Diaz-Rodriguez**  
Defendant  
Dated: December 10, 2019