IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br><br>v.<br><br>[1] JUAN C. DÍAZ-RODRÍGUEZ<br>*Defendant* | CRIMINAL NO. 19-386 (PAD) |

# SENTENCING MEMORANDUM

**TO THE HONORABLE COURT:**

  **COMES NOW** defendant **JUAN C. DÍAZ-RODRÍGUEZ**, through the undersigned attorney, and respectfully STATES, ALLEGES, and PRAYS:

1. This Honorable Court set July 8, 2020 as the date for Juan C. Díaz-Rodríguez to be sentenced after having entered into a plea agreement with the government for making a false statement, under 18 U.S.C. § 1001(a)(2).

2. We have reviewed the Pre-Sentence Report ("PSR") and other documents in this case and would like to express the reasons **we are respectfully requesting that Díaz-Rodríguez be sentenced according to the plea agreement recommendation to 2 years of probation**.

## I. REQUEST FOR SENTENCE OF PROBATION
### *A. Guidelines Calculation*

3. Mr. Díaz-Rodríguez plead guilty to Count Two of the Indictment. The Plea Agreement and the PSR calculate a base offense level of 6; they add 2 levels for unauthorized public dissemination of information and subtract 2 points for timely acceptance of responsibility. Thus, calculating a total offense level of 6; with a Criminal History Category of I, the USSG range if 0-6 months of imprisonment. Given that the applicable

guideline range falls in Zone A of the Sentencing Table, a term of imprisonment is not required, and Mr. Díaz-Rodríguez may be sentenced to 1 to 5 years of probation, as conceded in the PSR.

4. Accordingly, the Plea Agreement with the government recommends a sentence within the applicable guidelines range. Therefore, we are respectfully requesting that Mr. Díaz-Rodríguez be sentenced according to the plea agreement recommendation to 2 years of probation.

### *B. Condition of Drug Testing Should Not Be Imposed*

5. While 18 U.S.C. § 3563(a)(5) requires that the Court impose as an explicit condition of a sentence of probation that the defendant must submit to one drug test within 15 days of release on probation and at least 2 periodic drug tests thereafter, this condition may be suspended by the court if the PSR or other reliable information indicated a low risk of future substance abuse. We believe that this is the case for Mr. Díaz-Rodríguez. He has never used drugs and does not intend to do so ever.

6. As the PSR states in page 8, paragraphs 49 and 50, Mr. Díaz-Rodríguez has no history of drug use nor treatment for substance abuse; he even tested negative to all substances tested on June 25, 2019. Not only is Mr. Díaz-Rodríguez not a controlled substance user, none of his family members or friends have been imprisoned or suffered from alcohol or drug dependency. Thus, there is reliable information indicating that Mr. Díaz-Rodríguez has an exceptionally low risk of future substance abuse. Consequently, we respectfully request that if this Honorable Court imposes a sentence of probation on Mr. Díaz-Rodríguez, that the condition of periodic drug testing be suspended and not imposed upon him.

## II. THE REQUESTED SENTENCE IS ADEQUATE
### *A. Personal History and Background*

7. Mr. Díaz-Rodríguez is a good hard-working man who made a big mistake that has him in this predicament. He was raised in a good family home surrounded by loving family members, all who have remained supportive through this whole process. He graduated from high school and eventually obtained a certificate in accounting; he began working at a known local bank where he remained for various years. From 2012 until 2016, he even volunteered at a hospital doing handy man work with a group of colleagues.

8. Mr. Díaz-Rodríguez's good relationship with his family is not an isolated fact; he is a very likeable man whose good character and reputation precede him. Mr. Díaz-Rodríguez is known for being a selfless, loving man who puts others needs before him. He is known for being a law-abiding citizen who had never had any problems with the law, nor anyone for that matter. In fact, during the course of this case, we have received over 20 letters from Mr. Díaz-Rodríguez's family members and friends who are in complete disbelief of what has happened because they've always known him to be an integral and upstanding individual. We are including as "Attachment 1" of this memorandum 21 letters of recommendation; we note that one of these letters is also entered at *docket entry no. 44*. The following are mere examples of the nature of the letters we are presenting to the Court; some letters were written by:

   i. ***Alba L. Rodríguez-Pietri***, Mr. Díaz-Rodríguez's cousin, who attests as to his integrity and charitable character;
   ii. ***Ana M. Díaz-Rodríguez***, his sister, who writes about his fatherly and responsible ways with her children;
   iii. ***Belinda Ruiz-Morales***, a life-long family friend, who attests as to his lack of malice and candid nature;

iv. ***Attorney Carlos A. Rodríguez-Ortiz***, his uncle, who writes about his good and selfless character;

v. ***Mary Malavé-Morales***, a friend who has known Mr. Díaz-Rodríguez for over 30 years and who attests to his compassionate and honest ways that have earned him a great reputation in the community.

9. Aside from his good relationships within his community, Mr. Díaz-Rodríguez was always an upstanding employee who performed his duties with the highest level of integrity. On March 29, 2019, Mr. Díaz-Rodríguez even received a letter directly from AUSA José Capó-Iriarte commending and thanking him for all the good work he had done helping the U.S. Attorney's Office with numerous investigations and cases.

## *B. Acceptance of Responsibility*

10. Even though we cannot minimize the seriousness of Mr. Díaz-Rodríguez's actions, his offense was one of falsehood that did not involve any use or traffic of any weapons nor drugs. Mr. Díaz-Rodríguez is not a criminal, he had no intention of committing an offense; he fell victim of his own bad judgment and indiscretion. Mr. Díaz-Rodríguez has no prior contact with the justice system and was from the beginning very unlikely to commit an offense. Mr. Díaz-Rodríguez's chances of recidivating are low; he is certainly a good prospect for rehabilitation.

11. Notwithstanding, he has accepted responsibility for his actions and thus, entered into a plea agreement with the government. Mr. Díaz-Rodríguez has expressed his remorse and is fully repentant for his actions; he has certainly learned his lesson. He lost his job and has made his family and friends suffer because of his actions. He understands his conduct was wrong and is moving forward in life carefully thinking on the consequences before acting.

### *C. Compliance with Conditions of Release*

12. Mr. Díaz-Rodríguez was arrested on June 25, 2019. On the same day, he was brought before the Court for his Initial Appearance and Detention Hearing and he was release on an unsecured bond. Mr. Díaz-Rodríguez has been on bail ever since and has complied with all conditions of release, as conceded in the PSR at page 5, paragraph 16.

13. We note that Mr. Díaz-Rodríguez, after having been released on bond, sought employment and has remained working, as required by the Court as a condition of his release. (*See Docket Entry No. 14*).

14. Mr. Díaz-Rodríguez enrolled and completed a course in real estate in November of 2019. He was supposed to take the real estate license exam on March but was unable to do so because of the COVID-19 pandemic. Mr. Díaz-Rodríguez plans on taking the exam as soon as possible and opening a real estate office of his own.

### III. CONCLUSION

Even though Mr. Díaz-Rodríguez has admitted his guilt and is facing his mistakes before this Court, we should again note that he is not a criminal and his chances of recidivating are extremely low. The facts that he accepted responsibility for his offense, complied with all conditions of release since he was granted bail, has found and maintained a job, and has future plans for self-employment, clearly show that he has respect for the law and for authority and that he does not intend on committing any other criminal activity whatsoever.

On March 26, 2020, AUSA Mary C. Amy filed a Sentencing Memorandum in which she states the facts she believes that this Honorable Court should take into consideration

when imposing Mr. Díaz-Rodríguez's sentence; at page 2, paragraph 5 of her memorandum, she recommends that Mr. Díaz-Rodríguez be sentenced to two (2) years of Probation. (*See Docket Entry No. 48*).

Considering the nature and circumstances of his offense, as well as his personal history and background, and all the factors enumerated in 18 U.S.C. § 3553(a), **we also respectfully request that Juan C. Díaz-Rodríguez be sentenced to 2 years of probation**, according to the plea agreement recommendations.

A sentence of 2 years of probation would be an adequate deterrent, would serve as just punishment, and is a sentence that is sufficient but not greater than necessary for Díaz-Rodríguez's offense. Two years of probation is an adequate term that satisfies the purposes of sentencing. Any other sentence would impair his rehabilitation and opportunity to make himself a better and productive member of society.

**WHEREFORE**, we respectfully request from this Honorable Court to consider the present arguments and sentence **JUAN C. DÍAZ-RODRÍGUEZ to 2 years of probation**.

**I HEREBY CERTIFY** that on this same day, a true and exact copy of this document has been filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on June 22, 2020.

S/ *Jason González Delgado*
**JASON GONZÁLEZ-DELGADO**
USDC-PR NO. 217814
PO BOX 191365
SAN JUAN, PR 00919-1365
787-536-5306
jasonfed@gmail.com